UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH KAPLAN,<br><br>      Plaintiff,<br><br>v.<br><br>OLGA ABRAMOVICH, et al.,<br><br>      Defendants. | Civil No. 09-390 (DWF/FLN)<br><br>**REPORT AND RECOMMENDATION** |

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit." (Docket No. 2.) Plaintiff is seeking permission to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

    An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

    To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal

recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> "I want to make State of Minnesota the best state in the world. Now my daughter Olga Abramovich makes a differently to make it. I ask the court to help me and tell my daughter Olga Abramovich that I am not the member of your Family. I ask the court to ask D. Olshausky (he is busy man) because he told us that he help people. But his organisation [sic] makes nothing and the money from Medica he is spending to build bauket rolles [?]. I ask the court to ask Gaudel V. and Geudel R. I helped them with transportation for two years and they did not pay me. Walt Zimmermann told me go out and do not help people. I ask to ask
>     d-R Silver
>     d-R N. Baker
>     police Department City of Plymouth
>     d-R L. Frid, Toddrick S. Barnette
>     Grechiver, RTN-WMNB."

There are several anomalous documents attached to the complaint, but they do not provide any additional factual or legal basis for Plaintiff's present lawsuit.[1]

---

[1] Some of the documents attached to the complaint seem to suggest that Plaintiff might be seeking further review of a judgment entered against him in a Minnesota state court case. If that is Plaintiff's objective, then this action must be dismissed for another reason, (in addition to the inadequacy of the allegations in the complaint, discussed below). It is well-settled that federal district courts have no authority to review final judgments entered in state court cases, except in habeas corpus proceedings. See Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1156 (8th Cir.) ("[t]he United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions"), cert. denied, 128 S.Ct. 495 (2007).

Even with the liberal construction that is required in pro se cases, (<u>Atkinson</u>, 91 F.3d at 1129, <u>citing</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(<u>per</u> <u>curiam</u>)), Plaintiff's current complaint clearly fails to state any claim on which relief may be granted.  The obvious deficiencies in the complaint include at least the following:

(1) There is nothing in the complaint showing the existence of federal subject matter jurisdiction.

(2) The complaint does not describe any specific acts or omissions by any of the named Defendants.  (In fact, it is not even clear who Plaintiff is attempting to sue.)

(3) The complaint does not describe any legal basis for Plaintiff's claims.

(4) The complaint does not adequately describe the nature of the relief that Plaintiff is seeking, or why any relief would be appropriate.

Because Plaintiff's complaint does not set forth sufficient allegations to state any claim on which relief could be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>RECOMMENDATION</u>

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

      2.    This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February  26 , 2009

                                              *s/ Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 17, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.